# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:09CR12

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MICHAEL BRUCE DARCY. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court upon the government's Motion to Seal (#28) and Motion for Relief Under Title 18 U.S.C. § 3771 (#27). There are a number of procedural problems with such motions:

(1) the Motion to Seal, while asking that such motion, Motion for Relief Under Title 18 U.S.C. § 3771, and the proposed Order be "sealed immediately," the motion fails to recite any justification for sealing such pleadings (see Local Criminal Rule 55.1);

(2) the Motion to Seal does not reflect consultation with opposing counsel (L.Cr.R. 47.1 (B); and

(3) the Motion for Relief Under Title 18 U.S.C. § 3771 does not reflect consultation with opposing counsel (L.Cr.R. 47.1 (B).

Putting aside these problems, the court has closely reviewed the motions alongside the requirements of the Local Criminal Rules. If the court were to grant to the government the sealed status which it seeks for such motions, the relief it seeks

would be ineffectual inasmuch as such seal would be automatically lifted - - as it is in every case - - at the conclusion of this criminal action. L.Cr.R. 55.1(e), thereby publicly disclosing the name of the victim.  If protecting the name of the victim is what is sought, and the court believes this to be the case,[1] there is only one way to accomplish that task, which is through identifying the victim through the use of the pseudonym "Jane Doe #1," rather than using her real name as the government has done in the instant motion.  If naming the victim via pseudonym is sufficient for Rule 7(c)(1), Federal Rules of Criminal Procedure, it is certainly sufficient for Section 3771 purposes.  Other than the name of the alleged victim, there is nothing else in either motion that should not be public record, and the name of the alleged victim can be withheld as was done in the indictment. Indeed, this court is required as a matter of law to determine the least restrictive means before sealing matters from the public record.

> We have held that in determining whether to seal judicial documents, a judicial officer must comply with certain procedural requirements. *Washington Post*, 807 F.2d at 390. The decision to seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." *Goetz*, 886 F.2d at 65-66. If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the

---

[1] While the substantive motion also contains a factual recitation of the alleged facts underlying the Indictment, those facts are, for the most part, contained in the indictment and are not under seal.  In any event, there is no need to recite allegations of the Indictment inasmuch as that document is before the court.

documents" which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal. Goetz, 886 F.2d at 66.

Media General Operations, Inc. v. Buchanan, 417 F.3d 424, 429 (4th Cir. 2005). Despite such requirement, no reason was provided in the government's one sentence Motion to Seal. See Docket Entry #28.

The court will strike the Motion for Relief Under Title 18 U.S.C. § 3771 and direct the government to file a corrected motion with "Jane Doe #1" substituted for the name of the victim herein. The Motion to Seal will be denied. Such corrected motion should reflect consultation with opposing counsel, which will likely expedite the process.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the government's Motion to Seal (#28) is **DENIED** and the Motion for Relief Under Title 18 U.S.C. § 3771 (#27) is **STRICKEN** without prejudice as to filing a corrected motion.

Signed: May 26, 2009

Dennis L. Howell
United States Magistrate Judge