IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:09CR12

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| MICHAEL BRUCE DARCY | ) | |

**THIS MATTER** is before the Court on Defendant's objections to the Magistrate Judge's recommendation that his motion to suppress be denied.

## I. BACKGROUND

Defendant is charged with knowingly transporting an individual under the age of 18 from North Carolina to South Carolina with the intent to engage in sexual activity, in violation of 18 U.S.C. § 2423(a), and knowingly traveling from North Carolina to South Carolina for the purpose of engaging in illicit sexual conduct, as defined by 18 U.S.C. § 2246, with a person under eighteen years of age, in violation of 18 U.S.C. § 2423(b). **Bill of Indictment, filed February 17, 2009.** On April 23, 2009, Defendant

filed a motion to suppress statements allegedly made by him to FBI agents investigating the case; the Government replied in opposition to the motion to suppress on April 30, 2009; and the Magistrate Judge conducted a suppression hearing on Defendant's motion.  At the hearing, the Government called FBI Special Agents James A. Newton and Andrew Romagnuolo to testify, and Defendant elected to testify in his own behalf.  The Memorandum and Recommendation, filed on May 15, 2009, recommended the Defendant's motion to suppress be denied.  Defendant filed timely objections thereto and this matter is now ready for resolution.

## II.  STANDARD OF REVIEW

A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with a copy thereof.  **See 28 U.S.C. § 636(b)(1)**.  "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections."  **Thomas v. Westinghouse Savannah River Co.**, 21 F. Supp. 2d 551, 560 (D.S.C. 1997); **see also, Battle v. United States Parole Comm'n**, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify

**those findings objected to.").** "Frivolous, conclusive or general objections need not be considered by the district court." **Battle, supra.** "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." **Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Jones v. Hamidullah, 2005 WL 3298966, at *3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report].").** General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. **Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003); United States v. Woods, 64 F. App'x 398, 399 (4th Cir. 2003).** If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1)(C).** Where no objection is made, however, the Court need "'only satisfy itself that there is no clear

error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, Advisory Committee note).

### III. DISCUSSION

A thorough recitation of the facts as set forth in the Memorandum and Recommendation are adopted herein unless noted otherwise. Defendant offers several objections to the Magistrate Judge's findings and those objections are reviewed *de novo.*

Defendant first contends that there is an implication that the FBI agents deceived Defendant's brother and sister-in-law about their plan to interview Defendant at the federal building following his arrest. **Defendant's Objection to Memorandum and Recommendation ("Defendant's Objection"), filed May 15, 2009, at 1.** The testimony shows that Special Agent Romagnuolo spoke with Defendant's brother and sister-in-law and answered their questions regarding Defendant's arrest and whether he would be detained or released on conditions. **Transcript ("Tr."), filed May 7, 2009, at 43-44.** Romagnuolo testified that Defendant's brother and sister-in-law asked if they could be present for the

interview; Romagnuolo informed them that Defendant was under arrest and they would not be allowed to attend. *Id*. **at 44.** Defendant presented no evidence through his own testimony or through that of his brother or sister-in-law on the issue of "deception" that refutes the agent's testimony. The Court finds there is substantial evidence that Romagnuolo informed Defendant's brother and sister-in-law of his intention to interview Defendant. Notwithstanding this fact, Defendant offers no authority for the proposition that the agents had any such duty to inform Defendant's family of their plans to interview Defendant. Accordingly, this objection is overruled.

Defendant next contends that Agents Newton and Romagnuolo had a duty to inquire about the medications that were being taken by Defendant. **Defendant's Objections,** *supra*. There is no evidence that the agents had any reason to believe the Defendant was impaired by the medications or otherwise unable to comprehend the nature of his arrest or subsequent interview. Defendant cites no authority for the notion that law enforcement have a duty to question family members about a suspect's medication prior to questioning. This objection is overruled.

Defendant's third objection apparently claims that the agents erred because they did not inform Defendant of their intention to interview him immediately upon his arrest.  *Id.* **at 1-2**.  Defendant does not direct this Court to any statement made by him that should be suppressed during this interim between arrest and the interview. This objection is overruled.

Defendant next objects to the Magistrate Judge's finding that Defendant was offered a "snack break." **Defendant's Objections, at 2; Memorandum and Recommendation, at 5.**  Defendant states he was offered a soda, but no supper "or any kind of food, given the early evening hour." **Defendant's Objections, *supra.***  However, Defendant does not offer any reason whatsoever as to how this alleged deprivation affected the Magistrate Judge's ultimate conclusion that Defendant's *Miranda* waiver was knowing and voluntary.  This objection is overruled.

Defendant next contends that Agent Newton informed Defendant "that it would go easier" for Defendant if he spoke with them.  *Id.* **at 2.** Defendant offers no authority on this issue; an issue that apparently concerns whether Defendant was coerced into speaking with the agents. The testimony shows that Defendant willingly agreed to speak with the agents and clearly understood his right to refuse to do so. **Tr. at 45**

**(Agent Romagnuolo: "[W]e asked Mr. Darcy whether he was capable of continuing with the interview, and he indicated that absolutely he was.").** Defendant signed an "Advice of Rights" form that provided him with information on his *Miranda* rights; Defendant read each line of the document aloud and then initialed each line indicating he understood the right described therein. **Tr., at 45-46; 79-80**. Defendant testified that he worked as a police officer for eight years and had made hundreds of arrests; Defendant also testified that with each arrest, he advised the individual of their rights under *Miranda* before asking them any questions. *Id.* **at 73-74.** The Court has examined the transcript and finds no evidence to support the argument that Defendant was coerced into the interview with the agents. Accordingly, Defendant's objection is overruled.

Defendant's next three objections are examined together as they relate to whether or not the Defendant was impaired by the prescription medications he had ingested a short while before the interview. The evidence shows that both agents believed Defendant presented as fully aware of his surroundings and was able to interact appropriately with the agents during the arrest and subsequent interview. Special Agent Newton described Defendant as "exceptionally lucid." *Id.* **at 34.** Special Agent

Romagnuolo testified that he had previous experience working as a correction officer in a county jail in New York. In this position, he had significant opportunities to observe individuals that were under the influence of an impairing substance; Defendant did not, according to Romagnuolo, appear to be under the influence of an impairing substance in any way. *Id*. **at 48, 53.** Much is made of the deleterious effects of Defendant's prescription medications, but there is no credible evidence to support Defendant's contention that he was unable to both understand his *Miranda* warnings and voluntarily waive the same. These objections are overruled.

Defendant's final objection does not identify any specific finding of the Magistrate Judge that is in error, rather Defendant offers a general objection to the overall conduct of the interview. The Court has examined the transcript in this matter and concludes this objection is without merit.

After reviewing the Defendant's motion, the Government's response thereto, along with the Memorandum and Recommendation and Defendant's objections, the objections are overruled. The Court finds that the Magistrate Judge's ultimate findings on the issue of whether Defendant made a knowing and voluntary waiver of his *Miranda* rights are supported

by the record and the conclusions of law are consistent with current case law. Accordingly, the Court accepts the Magistrate Judge's recommendation that Defendant's motion to suppress be denied.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to suppress is **DENIED.**

Signed: May 29, 2009

Lacy H. Thornburg
United States District Judge