UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:09CR00012-LT |
| | ) | |
| | ) | GOVERNMENT'S MOTION IN |
| | ) | LIMINE PURSUANT TO |
| vs. | ) | RULE 412 |
| | ) | |
| MICHAEL BRUCE DARCY | ) | |
| | ) | |

## GOVERNMENT'S MOTION IN LIMINE

Comes now the United States of America, by and through its attorneys, Edward R. Ryan, Acting United States Attorney for the Western District of North Carolina, and Kimlani M. Ford, Assistant United States Attorney, and states:

The defendant is charged with Traveling in Interstate Commerce for Purpose of Engaging in Illicit Sexual Conduct with a Minor and Transporting of a Minor in Interstate Commerce for Illegal Sexual Activity. The victim was fifteen years old at the time of the offenses. The government makes the following Motion in Limine:

### Victim's Prior Sexual History

The government moves for an Order prohibiting the defendant from inquiring as to the victim's prior sexual behavior with *persons other than the defendant*. Federal Rule of Evidence 412 generally prohibits "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior," and/or "[e]vidence offered prove any alleged victim's sexual predisposition." Fed.R.Crim.P 412(a)(1) and (2). However, evidence of this type is admissible in three limited situations: when the evidence is constitutionally required, when it is relevant regarding the source of semen or injury found on the victim, and when it deals with prior sexual behavior between the victim and the accused and is relevant to the issue of consent. Fed.R.Crim.P 412(b). As stated in the Advisory Committee Notes to Rule 12, the rape shield law aims to safeguard the alleged

victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details.  Additionally, by affording victims privacy, the rules encourages victims to participate in legal proceedings against alleged offenders.

None of the exceptions outlined in Fed.R.Evid. 412(b) are applicable to this case.  At this time, the defendant has not invoked the procedures of Fed.R.Evid. 412(c) proffering any such evidence.  Additionally, under Fed.R. Evid. 403, otherwise relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

The government, however, intends to offer evidence of the victim's sexual behavior with the defendant, both prior to and after the offenses, in order to show the defendant's intent to engage in sexual activity with the victim when he transported her from North Carolina to South Carolina on May 12, 2007.

Pursuant to L.Cr.R. 47.1, the undersigned consulted with defense counsel, who objects to this motion.

WHEREFORE, the United States requests that the Court grant the government's Motion.

Respectfully submitted,
EDWARD R. RYAN
Acting United States Attorney


KIMLANI M. FORD
ASSISTANT UNITED STATES ATTORNEY
N.C. Bar Number 25426
Attorney for the United States
United States Attorney's Office
227 West Trade Street
Suite 1650
Charlotte, NC 28204
Telephone: (704) 344-6222
Fax: (704) 344-6629
E-mail: kimlani.ford@usodj.gov

# CERTIFICATE OF SERVICE

The foregoing document was filed electronically via ECF and was served on counsel for the defendant via ECF. The email address for defense counsel is listed in ECF as follows:

    Fredilyn_Sison@fd.org
    Angela_Parrot@fd.org

This the 9th day of July, 2009.

    EDWARD R. RYAN
    ACTING UNITED STATES ATTORNEY


    KIMLANI M. FORD
    ASSISTANT UNITED STATES ATTORNEY
    N.C. Bar Number 25426
    Attorney for the United States
    United States Attorney's Office
    227 West Trade Street
    Suite 1650
    Charlotte, NC 28204
    Telephone: (704) 344-6222
    Fax: (704) 344-6629
    E-mail: kimlani.ford@usodj.gov