UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:09CR00012-LT |
|---|---|---|
| | ) | |
| vs. | ) | GOVERNMENT'S MOTION |
| | ) | IN LIMINIE TO CLOSE |
| | ) | COURTROOM DURING |
| MICHAEL BRUCE DARCY | ) | VICTIM'S TESTIMONY |
| | ) | |

## GOVERNMENT'S MOTION TO CLOSE COURTROOM DURING TESTIMONY OF MINOR VICTIM

The United States of America, by and through its attorneys, Edward R. Ryan, Acting United States Attorney for the Western District of North Carolina and Kimlani M. Ford, Assistant United States Attorney, states:

1. The defendant is charged with Traveling in Interstate Commerce for Purpose of Engaging in Illicit Sexual Conduct with a Minor and Transporting of a Minor in Interstate Commerce for Illegal Sexual Activity. The victim was fifteen years old at the time of the offenses. The government intends to call the victim and her mother to testify at trial. The government moves for an Order closing the courtroom during the testimony of the victim.

2. Title 18, United States Code, Section 3509(e) provides:

> When a child testifies the court may order the exclusion from the courtroom of all persons, including members of the press, who do not have a direct interest in the case. Such an order may be made if the court determines on the record that requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate. Such an order shall be narrowly tailored to serve the Government's specific compelling interest.

3. Although there is a presumption in favor of open trials, *see Waller v. Georgia*, 467 U.S. 39, 44-45, 104 S. Ct. 2210, 2214 (1984); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573, 100 S. Ct. 2814 (1980), trial judges are given discretion to close portions of court proceedings when presented with "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *See Waller*, 467 U.S. at 45, 104 S. Ct. at 2214 (*quoting Press-Enter. Co. v. Superior Court of California*, 464 U.S. 501, 510, 104 S. Ct. 819, 824 (1984) ("*Press-Enterprise I*")). In order to close the courtroom, it must be shown that the party seeking closure advances an overriding interest that is likely to be prejudiced, that closure is no broader than necessary to protect that interest, that the trial court considered reasonable alternatives to closing the proceeding, and that the court make findings adequate to support the closure. *See Waller*, 467 U.S. at 48, 104 S. Ct. 2216; *Brown v. Kuhlmann*, 142 F.3d 529 (2d Cir. 1998).

4. The practice of closing the courtroom to members of the public during the testimony of a victim of a sex crime is not uncommon. *See Bell v. Jarvis*, 236 F.3d 149, 167 (4th Cir. 2000), *cert. denied*, 1225 S. Ct. 74 (2001); *United States ex. rel. Latimore v. Sielaff*, 561 F.2d 691, 694 (7th Cir. 1977); *Harris v. Stephens*, 361 F.2d 888, 891 (8th Cir. 1966); *United States v. Kobli*, 172 F.2d 919, 923 (3rd Cir. 1949). The party requesting closure must advance an overriding interest that is likely to be prejudiced in an open courtroom. *Waller*, 467 U.S. at 48, 104 S. Ct. 2216; *Press-Enterprise I*, 464 U.S. at 511-12, 104 S. Ct. at 824. Courts have refined this requirement, calling only for a "substantial probability" that the interest will be prejudiced. *See Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 14, 106 S. Ct. 2735, 2743 (1986) ("*Press-Enterprise II*"); *see also Ayala v. Speckard*, 131 F.3d 62, 69 (2d Cir.1997). Furthermore, if the

party is seeking a relatively narrow closure, their burden of proving an overriding interest is not a "heavy" one. *Bowden v. Keane*, 237 F.3d 125, 129 (2d Cir. 2001) (*citing Brown*, 142 F.3d at 538). The justification for such closures "lies in the protection of the personal dignity of the complaining witness." *Bell*, 236 F.3d at 167; *Latimore*, 561 F.2d at 694 (The "[p]rimary justification for this practice lies in protection of the personal dignity of the complaining witness.").

5. In *Jarvis*, an overriding interest justifying temporary courtroom closure was found during the testimony of a minor rape victim in order to protect the victim while she testified as to details of her prior sexual abuse. 236 F.3d at 167. The Fourth Circuit in *Jarvis* reiterated the point made earlier in *Globe Newspaper Co.* that protecting the physical and psychological well-being of a minor victim of sex crimes, including safeguarding them from any further trauma and embarrassment, is exactly the type of overriding interest needed to overcome the presumption in favor of an open trial. *See Jarvis*, 236 F.3d at 167-68.

6. Temporary courtroom closure during the victim's testimony satisfies the second *Waller* factor, which provides that courtroom closure be no broader than necessary to protect the interest at stake. *Waller*, 467 U.S. at 48, 104 S. Ct. 2216. To accomplish this, the courtroom closure should only last during the course of the minor victim's testimony. *See Bell*, 236 F.3d at 168. Since the compelling interest in this case is to protect the victim during her testimony, limiting closure to her testimony is "imminently tailored to serve that interest." *Id.* This closure should not be unnecessarily limited by excluding court personnel, the parties, or the attorneys. *Id.* Furthermore, the proceedings should be recorded, and this recording should be transcribed for the public. *Jarvis*, 236 F.3d at 168-169; *see also Ayala*, 131 F.3d at 72 (availability of transcript a

3

Case 1:09-cr-00012-MR-DLH    Document 38    Filed 07/10/09    Page 3 of 8

factor in determining whether partial closure violated Sixth Amendment right to a public trial). In the present case, courtroom closure is justified if used for the limited purpose of protecting the victim during her testimony. Pursuant to 18 U.S.C. § 3509(e), the court may keep out any parties not directly interested in the proceedings, including the media. The temporary courtroom closure during the victim's testimony is consistent with the interest of protecting the victim during her potentially harmful and embarrassing testimony.

7. The third *Waller* factor is that the trial court consider reasonable alternatives to closing the courtroom prior to actual closure taking place. *Waller*, 467 U.S. at 48, 104 S. Ct. 2216. In satisfying this requirement, the Fourth Circuit has held that a trial judge has presumably considered alternatives by ordering only a temporary closure as opposed to a full closure. *See Jarvis*, 236 F.3d at 169. Other alternatives that have been found unacceptable include using a screen to block the victim's view of the courtroom public, excluding only certain people, or testifying by means of a closed-circuit television. *See Jarvis*, 236 F.3d at 169 n.12; *see also* 18 U.S.C. § 3509(b)(1) (child's live testimony by 2-way closed circuit television).

8. In the present case, the granting of a temporary courtroom closure only during the testimony of the victim would satisfy the third *Waller* requirement. As in *Jarvis*, granting only a temporary or limited closure is viewed as a reasonable alternative to closing the courtroom during the entirety of the proceedings. Likewise, temporary closure would be the most appropriate means of balancing the victim's overriding interest with the defendant's Constitutional right to receive a public trial. *See Jarvis*, 236 F.3d at 169. Although a full closure would not be warranted, a temporary closure would clearly be a reasonable alternative.

9. The fourth *Waller* factor provides that the trial court make findings adequate to support

4

a courtroom closure. *Waller*, 467 U.S. at 48, 104 S. Ct. 2216. A *per se* rule of closure has been condemned. *See Globe*, 457 U.S. at 609 (mandatory courtroom closures violate the First Amendment). However, the court in *Globe* determined that closure during the testimony of a victim of child sex abuse is appropriate as long as the trial court determines on a case-by-case basis that the well-being of the victim necessitates closure. 457 U.S. at 609, 102 S. Ct. 2613. In ordering closure, the trial judge need not articulate explicit or detailed findings regarding the victim's maturity, understanding, or willingness to testify. *See Jarvis*, 236 F.3d at 171.

10. Following the rationale of the courts in *Globe* and *Waller*, the trial judge has discretion in the present case to make findings as to whether the victim's well-being necessitates closure. These findings need not be detailed or exhaustive. The victim's situation in the present case shows a need for closure–the compelling government interest in moving to close the courtroom is to protect the minor victim as she describes the repeated sexual contact between her and the defendant. *See Jarvis*, 236 F.3d at 167.

11. Attached hereto is a submission, filed under seal pursuant to Title 18, United States Code, Section 3509(d), which details the prosecution's concerns about the victim's privacy interests.

12. Pursuant to L.Cr.R. 47.1, the undersigned has consulted with defense counsel, who objects to this motion.

5

WHEREFORE, the United States requests an Order under section 3509(e) closing the courtroom during the victim's testimony.

Respectfully submitted,

EDWARD R. RYAN
Acting United States Attorney


KIMLANI M. FORD
ASSISTANT UNITED STATES ATTORNEY
N.C. Bar Number 25426
Attorney for the United States
United States Attorney's Office
227 West Trade Street
Suite 1650
Charlotte, NC 28204
Telephone: (704) 344-6222
Fax: (704) 344-6629
E-mail: kimlani.ford@usodj.gov

## CERTIFICATE OF SERVICE

The foregoing document was filed electronically via ECF and was served on counsel for the Defendant via ECF. The email address for defense counsel is listed in ECF as follows:

Fredilyn_Sison@fd.org
Angela_Parrot@fd.org

This the 10th day of July, 2009.

EDWARD R. RYAN
ACTING UNITED STATES ATTORNEY


KIMLANI M. FORD
ASSISTANT UNITED STATES ATTORNEY
N.C. Bar Number 25426
Attorney for the United States
United States Attorney's Office
227 West Trade Street
Suite 1650
Charlotte, NC 28204
Telephone: (704) 344-6222
Fax: (704) 344-6629
E-mail: kimlani.ford@usodj.gov